IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD V. FRANKLIN, | ) | No. C 12-0703 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| K. FLORES, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

## DISCUSSION

I. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Discussion

The complaint contains a number of improperly joined claims. Federal Rule 20 provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a).

Plaintiff's complaint includes a wide variety of claims arising from many different incidents at four different prisons. His claims that certain defendants falsified

2

disciplinary reports, that others locked him down due to his race, and that others applied excessive force. He also includes claims of inadequate medical care, being housed with dangerous inmates, inadequate law library access, retaliation, unsafe conditions, improper classification, and lack of accommodations for his disability. Different defendants at different prisons are allegedly responsible for these claimed constitutional violations. As alleged, his claims did not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Indeed, Plaintiff appears to be complaining in a single complaint about virtually everything that has happened to him since he was taken into custody in the state prison system. Rule 20(a) requires that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants. Accordingly, the Court finds the claims and defendants improperly joined.

Although a court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and defendants, the Court will dismiss the complaint with leave to file an amended complaint. *See* Fed. R. Civ. P. 21. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions. The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants, and if it does not, then this action will be dismissed.

Plaintiff's amended complaint may not include claims arising out of events that took place at, or against defendants located at, prisons outside of the venue of this Court. *See* 28 U.S.C. §§ 1391(b), 1404, 1406(a). Plaintiff's complaint includes claims arising

3

out of events at Salinas Valley State Prison ("SVSP"), California State Prison – Los Angeles ("CSP-L.A."), Wasco State Prison ("WSP"), and North Kern State Prison ("NKSP").  SVSP is located within the venue of this Court, but CSP – L.A. is located within the venue of the Central District of California, and WSP and NKSP are located within the venue of the Eastern District of California.  *See* 28 U.S.C. § 84(a)-(c).  Therefore, Plaintiff should not include in his amended complaint in this Court any claims arising out of events occurring at or against defendants located at CSP – L.A., WSP, or NKSP.  Claims from CSP-L.A. should be filed in the Central District, and claims from WSP or NKSP should be filed in the Eastern District.

The Court notes that Plaintiff has included over 1200 pages of unpaginated exhibits that are neither cited nor explained in the complaint.  Such lengthy and prolix pleadings do not comply with Rule 8(a).  *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'"); *cf. Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008) (a lengthy pleading is permissible only if it is "coherent, well-organized, and state[s] legally viable claims").  In his amended complaint, Plaintiff must not attach voluminous exhibits and assume that the Court will read through them to discover what factual allegations they may have that support his claims.  Rather, Plaintiff must include in the amended complaint any factual allegations that support his properly joined claim, and any attached exhibits must be paginated, cited and explained in the amended complaint.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint within **thirty (30) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 12-

0703 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

       2. As Plaintiff's claims are within his personal knowledge, and in light of both his prior opportunity to amend and the age of this case, only a minor extension of this deadline will be considered and will only be granted upon a showing by Plaintiff of good cause.

       3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

       IT IS SO ORDERED.

DATED: <u>April 18, 2012</u>

                                                    JEFFREY S. WHITE
                                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HAROLD V FRANKLIN,

        Plaintiff,

  v.

K FLORES et al,

        Defendant.

Case Number: CV12-00703 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harold V. Franklin AA6298
California State Prison - Corcoran
4001 King Avenue
P.O. Box 8800
Corcoran, CA 93212-8800

Dated: April 18, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk