IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD V. FRANKLIN, <br>     Plaintiff, <br>   v. <br> K. FLORES, et al., <br>     Defendants. | No. C 12-0703 JSW (PR) <br><br> **ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff has filed an amended complaint. The Court now reviews the amended complaint, pursuant to 28 U.S.C. § 1915A.

The original complaint was dismissed because it joined unrelated claims against different defendants, in violation of the federal rules on the joinder of multiple claims and multiple defendants in a single action. *See* Fed. R. Civ. P. 18, 20. Plaintiff was given leave to file an amended complaint that cured this deficiency, and he was cautioned that his failure to do so would result in the dismissal of this case. Plaintiff has filed an amended complaint, but it continues to improperly join unrelated claims against different defendants. Consequently, the case is DISMISSED without prejudice to Plaintiff's filing his claims in a new complaint or complaints that comply with the federal joinder rules as described below.

**DISCUSSION**

**I.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

2

law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Discussion

The original complaint set forth a side array of claims that arose from distinct and unrelated incidents, and the claims were asserted against a variety of different defendants. The federal rules on joinder are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rules are somewhat different when, as here, there are multiple parties. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.*

When the original complaint was dismissed, Plaintiff was informed of the foregoing federal rules prohibiting joinder of unrelated claims against different defendants in the same complaint. He was told that his amended complaint may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein, and that claims that do not satisfy these rules must be alleged in separate complaints filed in separate actions.

3

Plaintiff makes the following claims in the amended complaint:

(1) Defendants A. Hedgpeth, the SVSP Warden, and M. Cate, the Secretary of the California Department of Corrections and Rehabilitation, placed Plaintiff and other inmates at SVSP on a lock-down between December 27, 2010, and May 11, 2011, following race-based riots at the prison. Plaintiff claims that this violated his right to equal protection because he was locked down based upon his race.

(2) He suffered adverse medical effects from being housed with gang members, and that his medical records regarding these issues were falsified. He claims that his right to due process was violated when his administrative appeals regarding these issues were denied.

(3) Defendant Sepulveda, the Chief Medical Officer at SVSP, violated his Eighth and Fourteenth Amendments by failing to review the results of a study of Plaintiff's medical conditions and "specialty treatment" options.

(4) His repeated administrative appeals led to retaliation by unnamed SVSP officials. This alleged retaliation included being assigned a cell with a gang member, not receiving a response to administrative appeals regarding the use of force, and being threatened with disciplinary proceedings.

(5) Defendant K. Flores, an SVSP official, physically injured him, and afterwards Flores and another SVSP official, Defendant D. Avalos, falsified a document to "cover up" that incident.

(6) He was denied law library access.

(7) He was punished for disciplinary violations without exculpatory video evidence being preserved for the disciplinary hearing.[1]

---

[1] Some of the claims in the original complaint arose out of incidents at prisons outside of the venue of this Court. Plaintiff was ordered to include in his amended complaint only claims arising out of prisons within this Court's venue, which he has done. All of his claims allegedly arose at Salinas Valley State Prison.

The amended complaint continues to violate the federal joinder rules by asserting an array of unrelated claims against different defendants. The original complaint suffered from this same problem, and Plaintiff was ordered to correct it in his amended complaint. He was informed that if he did not correct this deficiency, his case would be dismissed. Accordingly, this case will be dismissed. The dismissal is without prejudice to Plaintiff filing his claims in a new federal civil rights action or actions in which he complies with the federal joinder rules set forth above.

## CONCLUSION

In light of the foregoing, the instant case is DISMISSED without prejudice.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: June 1, 2012

JEFFREY S. WHITE
United States District Judge

5

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

HAROLD V FRANKLIN,

        Plaintiff,

  v.

K FLORES et al,

        Defendant.
                                        /

Case Number: CV12-00703 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harold V. Franklin AA6298
California State Prison - Corcoran
4001 King Avenue
P.O. Box 8800
Corcoran, CA 93212-8800

Dated: June 1, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk